Filed 11/3/15  P. v. Deo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C076440 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF130699) |
| v. | |
| RAJINDER SINGH DEO, | |
| Defendant and Appellant. | |

A jury found defendant Rajinder Singh Deo guilty of willful infliction of corporal injury upon his spouse.  (Pen. Code, § 273.5, subd. (a).)[1]  (*People v. Deo* (Aug. 22, 2014, C074334) [nonpub. opn.] (*Deo*).)  In July 2013, defendant was sentenced to prison for the middle term of three years.  Execution of sentence was suspended and defendant was placed on formal probation for five years on the condition, among others, that he serve

---

[1]  Undesignated statutory references are to the Penal Code.

one year of incarceration with 244 days' presentence credit. Defendant appealed from the judgment and this court affirmed his conviction. (*Deo, supra*, C074334; see also fn. 2, *post*.)[2]

In April 2014, defendant's counsel filed a motion to modify probation by reducing the period of incarceration from one year to 360 days. The motion was supported by the declarations of counsel and defendant that he was in the custody of federal immigration officials and the subject of pending deportation proceedings. The motion claimed the requested relief could provide him relief from deportation. He did so in the belief that, as an immigrant convicted of an offense, it would by changing his penalty from a felony to the penalty for a misdemeanor, affect his eligibility for deportation.

On April 11, 2014, the trial court heard and denied defendant's motion, concluding it did not have the authority to modify probation as requested. Defendant appeals from this ruling.

Defendant contends that section 18.5, enacted during the pendency of this appeal and before the finality of the judgment, lessens the punishment for defendant's offense and must be applied retroactively to this case. We disagree.

## FACTS

The record in this appeal does not include the facts of the underlying offense.[3] The record includes only defense counsel's remark that the case involved defendant "hitting [his] wife with a broom" and the trial court's remark that "the underlying crime, although it's a serious crime the facts of this case are minor in relationship to most other [section] 273.5 violations that we see."

---

[2] We take judicial notice of our opinion in *Deo, supra*, C074334. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

[3] Our opinion in *Deo, supra*, C074334 did not include the facts of the offense.

DISCUSSION

In an opening brief filed in November 2014, defendant contends (1) the trial court erred when it ruled that it lacked authority to modify his probation, and (2) due to the enactment of section 18.5, effective January 1, 2015, his sentence should be deemed to be a sentence of 364 days.

In a brief filed in December 2014, the Attorney General responds that defendant's first point lacks merit and his second is not ripe for review in that section 18.5 did not become effective until January 1, 2015.

We need not reach these points since section 18.5 does not apply in any event.

*1. Overview of Section 18.5*

This case involves the construction of section 18.5. It states: "Every offense which is prescribed by any law of the state to be punishable by imprisonment in a county jail up to or not exceeding one year shall be punishable by imprisonment in a county jail for a period not to exceed 364 days." (§ 18.5; Stats. 2014, ch. 174, § 1, eff. Jan. 1, 2015.)

We granted defendant's motion to take judicial notice of Senate Bill No. 1310 (2013-2014 Reg. Sess.), which enacted section 18.5, and the Senate Committee on Public Safety Bill Analysis of Senate Bill No. 1310 (2013-2014 Reg. Sess.) (Bill Analysis). The committee analysis explains: "As a result of the one year sentence deportation policy, thousands of families are torn apart every year due to minor crimes, such as writing a bad check. Those deported often leave behind families and children who depend on them for support. From 2010 through 2012 the U.S. Immigration and Customs Enforcement deported 204,000 immigrant parents from the U.S., which accounted for 23 percent of the total number of deportations during that time period. Many of those deported for minor offenses are longtime legal permanent residents of California, with deep connections to their families and communities. [¶] [Senate Bill No.] 1310 will reduce the maximum possible misdemeanor sentence from one year to 364 days, so that deportation eligibility

3

will not be triggered for a legal immigrant who commits a misdemeanor punishable by imprisonment for one year." (Bill Analysis, *supra*, at p. 4.)

The committee analysis explains that the bill "Redefin[es] a Year." (Bill Analysis, *supra*, at p. 5.) The analysis states: "This bill provides that for purposes of any offense for which the punishment is a year or up to a year in county jail the punishment shall be for not more than 364 days. By changing a 'year' to '364 days,' this would keep those offenses that California considers to be misdemeanors from being considered 'aggravated felonies' for federal immigration purposes." (Bill Analysis, *supra*, at p. 5.)

Unfortunately for defendant, the legislative history is relevant only to the construction of section 18.5 and on its face it does not apply to section 273.5, subdivision (a).

*2. Application of Section 18.5 to Defendant's Claim*

To repeat, section 18.5 states: "Every offense which is prescribed by any law of the state to be punishable by imprisonment in a county jail up to or not exceeding one year shall be punishable by imprisonment in a county jail for a period not to exceed 364 days." (§ 18.5; Stats. 2014, ch. 174, § 1, eff. Jan. 1, 2015.)

The question is whether this applies to section 273.5. Section 273.5, subdivision (a) states: "Any person who willfully inflicts corporal injury resulting in a traumatic condition upon a victim described in subdivision (b) is guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not more than one year, or by a fine of up to six thousand dollars ($6,000), or by both that fine and imprisonment." The section describes a wobbler, that is an offense that could be a felony or a misdemeanor.

The defendant argues that a wobbler without more is "punishable by imprisonment in the county jail" notwithstanding that the defendant is sentenced to state prison and that sentence is stayed subject to probation on condition of imprisonment in the county jail for one year. But a sentence to state prison is a prison sentence for all purposes unless the

4

sentence is reduced to misdemeanor. We look to see whether section 273.5 is such an offense.

The trial court may reduce defendant's sentence to a misdemeanor. It may only do so in accordance with the provisions of section 17 subdivision (b). Section 17 subdivision (b) provides in relevant part that a wobbler becomes a misdemeanor only (1) after a judgment imposing a punishment other than imprisonment in the state prison or in the county jail or pursuant to section 1170 subdivision (h), or (2) when the court designates the offense as a misdemeanor, or (3) when the court declares the offense a misdemeanor at the time of granting probation.

But the court did not do any of these things. It sentenced defendant to a felony punishment to three years in prison. Execution of sentence was suspended and defendant was placed on formal probation for five years on the condition, among others, that he serve one year of incarceration with 244 days' presentence credit. The trial court manifestly did not designate defendant's sentence as a misdemeanor.

## DISPOSITION

The judgment is affirmed.


___/s/_____
Blease, Acting P. J.


We concur:


___/s/_____
Nicholson, J.


___/s/_____
Murray, J.

5